United States Bankruptcy Court
For the Middle District of Pennsylvania

| | |
|---|---|
| Maranda Grasley : | |
| 1606 Fairview Avenue : | |
| Berwick, Pennsylvania. 18603 : | |
| Plaintiff : | Jury Trial Demanded |
| v. : | |
| Midland Credit Management, Inc. : | |
| 350 Camino De La Reina, Suite 100 : | |
| San Diego, CA 92108 : | |
| and : | |
| KML Law Group, P.C. : | |
| 701 Market Street, Suite 5000 : | |
| Philadelphia, PA 19106 : | |
| Defendants : | |

**COMPLAINT**

1. This is an action for damages brought by Plaintiff against the Defendants for alleged violation the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692 et. seq.

2. Jurisdiction is proper in this jurisdiction because Defendant(s) transact(s) business here on a regular basis.

3. Jurisdiction for this action is asserted pursuant to 28 U.S.C. §1331-1337 and 15 USC 1692k et. seq.

4. Venue lies in this District pursuant to 28 U.S.C. §1392(b).

5. Venue is proper in this jurisdiction for reasons including but not limited to the following.

6. Key witnesses maybe located in this jurisdiction, including but not limited to Plaintiff.

7. A substantial portion of the acts, transactions, occurrences or omissions took place in this jurisdiction.

8. Plaintiff is Maranda Grasley, an adult individual with an address of 1606 Fairview Avenue, Berwick, Pennsylvania 18603.

9. Defendants are the following business entities and persons.

    a. Midland Credit Management, Inc., a business entity with a principal place of business located at 350 Camino De La Reina, Suite 100, San Diego, CA 92108.
    b. KML Law Group, P.C., a business entity with a principal place of business address of 701 Market Street, Suite 5000, Philadelphia, PA 19106.

**COUNT ONE:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692, et. seq.**

10. The previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

11. At all relevant times mentioned in this Complaint, Plaintiff was a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

12.     Prior to the commencement of this lawsuit, Plaintiff had a consumer credit card account with Synchrony Bank.

13.     The account was a consumer accounts which were used for Plaintiff's personal and household purposes.

14.     Said accounts were alleged to be delinquent by the original alleged creditors and later charged off by Synchrony Bank and the account was closed.

15.     Some time after the charge off, Midland Credit Management, Inc. allegedly purchased and / or acquired said account from Synchrony Bank

16.     On or about December 6, 2022, Debtor filed a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Middle District of Pennsylvania, Case Number 22-02354 which was converted to Chapter 13 on April 12 2023.

17.     After Debtor filed for the Bankruptcy, Defendant Midland Credit Management, Inc. filed a proof of claim for the separate account, claiming to be the owner and assignee of the accounts, Proof of Claim Number 5.  See attached exhibit.

18.     Plaintiff Maranda Grasley, through her attorney Vicki Piontek, objected to the proof of claim.  See attached exhibits.

19.     During the approximate month of August, 2023, Defendant Midland Credit Management, Inc. retained the services of KML Law Group, P.C. which was also a debt collector.

20.     At all times mentioned in this complaint Defendant KML Law Group, P.C. on behalf of its debt collector client, Midland Credit Management, Inc.

21.     On or about August 28, 2023, Defendant through its Counsel Brian Nicholas of KML Law Group, P.C. filed a response to Plaintiff's claim objection.  The response filed contained a gross misstatements of fact that Plaintiff Maranda Grasley had used the Synchrony Bank account for "years," when in fact the Debtor only used the account from June 10, 2021 to August 13, 2021,

22.     Although the above referenced statement about Plaintiff's use of the account for "years" may seem harmless the statement was materially false because it was made to bolster Defendant's argument under the "account stated theory" that Debtor owed the money on the accounts because she had assented to the terms of the statements by paying on the account(s) for "years."

23.     The "account stated" theory is a legal doctrine in Pennsylvania that allows a plaintiff lender to collect from a defendant borrower even in the absence of an actual written contract. See Target National Bank v. Liz Samanez, Allegheny County Court of Common Pleas Docket Number 07-009777 for a full explanation of the "account stated" doctrine.

24.     In order to succeed under the "account stated" theory a plaintiff must show that the defendant implicitly agreed to the terms of certain invoices by making payments and thereby affirming the terms of such invoices. See Target National Bank

v. Liz Samanez, Allegheny County Court of Common Pleas Docket Number 07-009777 for a full explanation of the "account stated" doctrine. See Exhibit 2.

25. By grossly exaggerating the length of time that Plaintiff used the account Defendant attempted to leverage under the doctrine of "account stated" theory.

26. The above referenced false statement was brought to the attention of Defendant's attorney Brian Nicholas of KML Law Group, P.C. who represented Defendant. Midland Credit Management, Inc. in the claim objection process in Debtor's Bankruptcy in the Bankruptcy Court for the Middle District of Pennsylvania.

27. Despite being informed by Plaintiff's counsel of the above referenced gross misstatements of fact, Attorney Brian Nicholas refused to correct such false statements made in a Federal pleading in a United States Bankruptcy Court. Attorney Nicholas affirmed such refusal in an email on October 23, 2023. See attached exhibits.

28. Attorney Brian Nicholas of KML Law Group P.C. thus caused Plaintiff's Counsel a great deal of more work in the Bankruptcy claims objection process.

29. Attorney Brian Nicholas also cost Plaintiff money to cause discovery to be served to negate such false claims. Such additional discovery was made in order to thwart the above referenced materially false statements authored by Attorney Brian Nicholas of KML Law Group, P.C.

30. 15 USC 1692 f of the FDCPA prohibits a debt collector from engaging in any

unlawful, illegal or unconscionable collection activity while Defendant(s) was attempting to collect a consumer debt from Plaintiff.

31. 15 USC 1692e of the FDCPA prohibits a debt collector from engaging in any misleading or false collection activity while Defendant(s) was attempting to collect a consumer debt from Plaintiff.

32. By making the above referenced materially false and patently false statement, Defendant KML Law Group, P.C. violated 15 USC 1692e of the FDCPA.

33. The above referenced materially false and patently false statements made by the Defendants also violated 15 USC 1692f of the FDCPA.

34. The aforementioned materially and patently false statements were either made intentionally or recklessly, without sufficient review of the pleadings.

35. The aforesaid materially and patently false statements were either made intentionally or recklessly because Attorney Brian Nicholas was given a chance to correct the materially false statements and willfully refused to change the false statements.

36. Even if the above referenced patently false mistakes were made by Attorney Nicholas by mistake, such mistake was not bona fide or reasonable because Attorney Brian Nicholas refused to correct the false statements after being duly notified.

37. Any mistake made by Attorney Nicholas was negated by him being told by Attorney Vicki Piontek about the mistake and him refusing to correct it.

**LIABILITY**

38. The previous paragraphs of this complaint are incorporated by reference.

39. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

40. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

41. Plaintiff reserves the right to pierce the corporate veil under the doctrine of under-capitalization.

42. Plaintiff reserves the right to pierce the corporate veil under the doctrine of alter ego.

43. At all times mentioned in this Complaint Attorney Brian Nichols and KML Law Group, P.C. were acting jointly and in concert with Midland Credit Management, Inc. and Defendant Midland Credit Management, Inc. is liable for the act(s) and / or omission(s) of Defendant Attorney Brian Nichols and KML Law Group, P.C. under the doctrine of joint and several liability.  See Moses v. Law Office of Harrison Ross Byck, P.C. and CACH, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see Martsolf, v. JBC Legal Group, P.C., and Outsource Recovery Management, U.S. District Court for the Middle District of Pennsylvania, 04-CV-1346, 2008.

44.     At all times mentioned in this Complaint Attorney Brian Nichols and KML Law Group, P.C. were acting as agents of Midland Credit Management, Inc. and Defendant Midland Credit Management, Inc.  is liable for the act(s) and / or omission(s) of Defendant Attorney Brian Nichols and KML Law Group, P.C. under the doctrine of respondeat superior and / or the doctrine of agency.  See Moses  v. Law Office of Harrison Ross Byck, P.C. and CACH, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see Martsolf, v. JBC Legal Group, P.C., and Outsource Recovery Management, U.S. District Court for the Middle District of Pennsylvania, 04-CV-1346, 2008.

**DAMAGES**

45. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

46. Plaintiff suffered additional concrete injury and a concrete harm as a result of the materially and patently false statements made by Defendants. Plaintiff's additional injury(ies) and harm may include but not be limited to the following.

    a. Postage of no less than $1.00

    b. Delay in processing the claim objections in her bankruptcy.

    c. Emotional distress caused by Defendant's misstatements made through Defendant's Counsel.

    d. Emotional distress caused by delay in prosecuting the case.

## ATTORNEY FEES

47.     The previous paragraphs of this Complaint are incorporated by reference.

48.     Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees for prosecuting this action pursuant to 15 USC 1692k.

49.     Plaintiff believes and avers that the reasonable value of Plaintiff's services is no less than $600.00 per hour.  Or other amount determined to be reasonable by this Honorable Court.

50.     Plaintiff believes and avers that Plaintiff's is entitled to reasonable attorney fees of $3,900 at a rate of $600.00 per hour which includes the following.

   a. Consultation with client and review of file          .5 hour
   b. Drafting, editing and filing this complaint          4 hours
   e. Reasonable follow up with Defense and client
      In this federal case                                 2 hours
                                                           _____
                                                           6.5
            6.5 x $600  = $3,900.00

13      The above stated attorney fees represent work performed up and until the filing of this Complaint as well as reasonable follow up with client and Defense.

14      Plaintiff's attorney fees continue to accrue as this case progresses.

## OTHER RELIEF

15   The previous paragraphs of this Compliant are incorporated by reference and made a part of this Complaint.

16   Plaintiff requests such other relief as this court may deem just and proper.

17   Plaintiff demands a jury trial in this matter.

18   Plaintiff seeks fees and costs for prosecuting this action.

19   Plaintiff seeks such other relief as this Honorable Court deems just and proper.

Wherefore, Plaintiff prays for judgment against Defendant in the amount of $9,901 enumerated below.

$1.00 actual damages

$1,000 statutory damages

$3,900 attorney fees

$5,000 emotional distress

_____

$9,901

Plaintiff also requests such other relief as this Honorable Court deems just and proper.  Plaintiff seeks fees and costs for prosecuting this action.  Plaintiff demands a jury trial.

/s/ Vicki Piontek					11/1/2023

_____		_____
VICKI PIONTEK, ESQ.				Date
Attorney for Plaintiff
58 East Front Street
Danville, PA 19446
215-290-6444
Fax: 866-408-6735
vicki.piontek@gmail.com